# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1024
Lower Tribunal No. 16-10512

_____

**Jerry Ridgeway,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Jerry Ridgeway, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, LAGOA, and FERNANDEZ, JJ.

SUAREZ, J.

Jerry Jerome Ridgeway appeals from the summary denial of his motion to correct credit for time served.[1]  We reverse.

_____

[1] A motion seeking additional credit for time served is normally brought pursuant to Florida Rule of Criminal Procedure 3.801.

Ridgeway alleges he was not given proper credit for time served in Texas and South Carolina while on hold for transfer to Dade County on a fugitive warrant. There is no evidence in the record before us to show Ridgeway was not entitled to the credit for time served prior to sentencing that he alleges. But see Morales v. State, 970 So. 2d 387 (Fla. 3d DCA 2007) (granting a defendant credit for time served outside of the state of Florida on unrelated charges, when a warrant or detainer is issued by this state, is discretionary, not mandatory).

On appeal from a summary denial, this Court must reverse unless the post-conviction record shows conclusively that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2)(A), (D). Because the record now before us fails to make the required showing, we reverse the order and remand for further proceedings. If the trial court again enters an order summarily denying the post-conviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.

Reversed and remanded for further proceedings.